1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10  ALONZO JOSEPH,

11            Petitioner,              No. 2:12-cv-02507-DAD P

12       vs.

13  WILLIAM KNIPP,

14            Respondent.              ORDER

15  _____/

16            Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas

17  corpus pursuant to 28 U.S.C. § 2254, an application to proceed in forma pauperis, and a request

18  for the appointment of counsel.  Petitioner has consented to Magistrate Judge jurisdiction in this

19  action pursuant to 28 U.S.C. § 636(c).  See Docs. No. 4 & 6.

20                              BACKGROUND

21            On August 9, 1997, a Sacramento County Superior Court jury found petitioner

22  guilty of burglary and receiving stolen property.  (Doc. No. 1 at 1.)  The California Court of

23  Appeal for the Third Appellate District affirmed the judgment of conviction on appeal, and the

24  California Supreme Court denied review.  (Id. at 2.)

25            On January 3, 2000, many years before the petition now pending before this court

26  was filed, petitioner filed a federal petition for writ of habeas corpus in this court challenging his

1

1997 judgment of conviction entered in the Sacramento County Superior Court.  See Case No. 2:00-cv-00004-EJG-GGH P.[1]  On May 15, 2003, the magistrate judge assigned to that action issued findings and recommendations, recommending that the earlier petition for writ of habeas corpus be denied.  On August 5, 2003, District Judge Edward J. Garcia adopted those findings and recommendations in full, denied the petition and closed the case.  On November 20, 2003, the United States Court of Appeals for the Ninth Circuit denied petitioner a certificate of appealability in connection with that earlier federal habeas action.

On August 26, 2004, petitioner filed a second federal habeas petition challenging his 1997 judgment of conviction.  See Case No. 2:04-cv-01780-MCE-GGH P.  That action was transferred to the Ninth Circuit Court of Appeals for consideration as a successive petition.

On April 23, 2012, petitioner filed yet a third federal habeas petition challenging his 1997 Sacramento County Superior Court conviction.  See Case No. 2:12-cv-01061-GGH P.  On May 1, 2012, that action was also transferred to the Ninth Circuit Court of Appeals for consideration as a successive petition.

Finally, on October 5, 2012, petitioner filed the pending habeas petition which again challenges his 1997 conviction.

## ANALYSIS

"A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed . . . ."  28 U.S.C. § 2244(b)(2).  This is the case unless,

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

[1]  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).  Before filing a second or successive petition in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

As noted above, the court's own records reveal that petitioner previously filed three petitions seeking federal habeas relief in this court, all of which attacked the same state court conviction and sentence that he now seeks to challenge in this federal habeas proceeding. In his first habeas action, this court denied petitioner's application for writ of habeas corpus on the merits.  In the case of his second and third federal habeas petitions, those actions were transferred to the Ninth Circuit for consideration as a successive petition.  Petitioner did not obtain authority from the U.S. Court of Appeals to proceed with his successive federal habeas petitions as required in order to so proceed.  See 28 U.S.C. § 2244(b).

In connection with this current federal habeas action, petitioner has again not obtained an order from the Ninth Circuit authorizing the district court to consider a successive petition as required to proceed with this habeas action, so this court lacks jurisdiction to entertain the now pending petition.  See Burton v. Stewart, 549 U.S. 147, 152 (2007).  Accordingly, the instant petition will be dismissed without prejudice to its refiling with a copy of an order from the Ninth Circuit Court of Appeals authorizing petitioner to file a successive federal habeas petition.

In light of this order, the court will not rule on petitioner's application to proceed in forma pauperis and will deny petitioner's request for the appointment of counsel.

/////

/////

/////

3

1

**CONCLUSION**

2        Accordingly, IT IS HEREBY ORDERED that:

3        1.  Petitioner's application for a writ of habeas corpus is dismissed as a second or

4   successive habeas corpus application without prejudice to its refiling with a copy of an order

5   from the Ninth Circuit Court of Appeals authorizing petitioner to file a successive petition;

6        2.  Petitioner's October 5, 2012 request for the appointment of counsel (Doc. No.

7   3) is denied; and

8        3.  This action is closed.

9   DATED: October 25, 2012.

10

11   _____

12   DAD:4                              DALE A. DROZD
     josep2507.succ                     UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4